UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS,<br>Plaintiff,<br><br>v.<br><br><br>GOOGLE LLC,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:22-cv-00636 |

# PLAINTIFF STATE OF TEXAS'
# AMENDED MOTION TO REMAND

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................. iii

I. INTRODUCTION ........................................................................................................ 5

II. NATURE AND STAGE OF THE PROCEEDING ..................................................... 6

III. STATEMENT OF ISSUES .......................................................................................... 7

IV. STANDARD OF REVIEW .......................................................................................... 8

V. SUMMARY OF THE ARGUMENT ........................................................................... 8

VI. LEGAL ARGUMENT .................................................................................................. 9

    A. The State of Texas is not subject to removal based on diversity. ............................. 9

    B. The State of Texas is the real party in interest in this case because it seeks to enforce its laws and obtain penalties and injunctive relief against Google. ............................ 10

        1. The State of Texas seeks to enforce its laws as the sole plaintiff in this lawsuit. ... 12

        2. The State is a real party in interest given that it seeks civil penalties and an injunction. ................................................................................................................. 13

    C. The Court should award the State attorneys' fees and costs for Google's improper removal of this case. ................................................................................................. 16

VII. CONCLUSION AND PRAYER ................................................................................ 18

CERTIFICATE OF CONFERENCE ................................................................................ 20

CERTIFICATE OF SERVICE .......................................................................................... 20

# TABLE OF AUTHORITIES

**Federal Cases**

*Farrell Const. Co. v. Jefferson Par., La.*,
 896 F.2d 136 (5th Cir. 1990) ................................................................................ 12

*Ferguson v. Ross*,
 38 F. 161 (C.C.E.D.N.Y. 1889) ........................................................................... 14

*Grace Ranch, L.L.C. v. BP Am. Prod. Co.*,
 989 F.3d 301 (5th Cir. 2021) ..................................................................... 8, 10, 13

*Hood v. AstraZeneca Pharm., LP*,
 744 F.Supp.2d 590 (N.D. Miss. 2010) ................................................................. 12

*Louisiana v. Union Oil Co. of Cal.*,
 458 F.3d 364 (5th Cir. 2006) ................................................................................ 12

*Manguno v. Prudential Prop. & Cas. Ins. Co.*,
 276 F.3d 720 (5th Cir. 2002) .................................................................................. 8

*Miranti v. Lee*,
 3 F.3d 925 (5th Cir. 1993) .................................................................................... 16

*Mo., Kan., & Tex. Ry. Co. v. Hickman*,
 183 U.S. 53 (1901) ............................................................................................... 13

*Moor v. Alameda County*,
 411 U.S. 693 (1973) ..................................................................................... 8, 9, 17

*Park Nat. Bank of Houston v. Kaminetzky*,
 976 F. Supp. 571 (S.D. Tex. 1996) ...................................................................... 16

*Postal Telegraph Cable Co. v. Alabama*,
 155 U.S. 482 (1894) ........................................................................................passim

*Postal Telegraph Cable Co. v. Alabama*,
 155 U.S. 482 (1894) ................................................................................... 8, 14, 17

*Texas v. Eye Level Holdings, LLC et al.*,
 Case No. A-11-CA-178-SS (W.D. Tex. Mar. 11, 2011) ..................................... 17

*Texas v. Merck & Co.*,
 385 F. Supp. 2d 604 (W.D. Tex. 2005) ............................................................... 10

*Texas v. Veterans Support Org.*,
 166 F. Supp. 3d 816 (W.D. Tex. 2015) ............................................... 11, 14, 16, 17

*Valdes v. Wal-Mart Stores, Inc.*,
   199 F.3d 290 (5th Cir. 2000) .............................................................................................. 16

**Federal Statutes**

28 U.S.C. § 1447(c) ............................................................................................................. 8, 16

8 U.S.C. § 1332(a)(1) ................................................................................................................ 8

**Texas Statutes**

Tex. Bus. & Com. Code § 17.41 ............................................................................................... 6

Tex. Bus. & Com. Code § 17.46 ............................................................................................... 6

Tex. Bus. & Com. Code § 17.47 ........................................................................................ passim

Tex. Bus. & Com. Code § 17.50 ........................................................................................ 14, 15

Tex. Gov't Code § 402.007 ..................................................................................................... 14

# I. INTRODUCTION

Consumer protection lawsuits are a mainstay of state court dockets across the nation. Businesses who deceive and exploit the marketplace will disrupt commerce and harm the State and its citizens if they are left unchecked. For that reason, the Texas State Legislature has empowered the Texas Attorney General and his Consumer Protection Division to bring lawsuits and obtain injunctions, penalties, and other relief on behalf of Texas to protect the State's vital interests. *See* Tex. Bus. & Com. Code § 17.47. These lawsuits are purely creatures of state law. Actions brought by the Consumer Protection Division present no federal issues or questions and are routinely adjudicated by state district judges.

This litigation is no different. Google's conduct was illegal and reprehensible— Google lied in its advertisements by forcing radio personalities to falsely claim that they had used a Pixel smartphone, which Google never provided to them—but the legal basis for the State's claims is straightforward. The State is vindicating its own rights and pursuing an injunction, penalties, and any other relief to which it may be entitled. The Attorney General does not, and cannot, bring this action on behalf of any individual consumers, regardless of what Google claims. And Google's improper and meritless removal of this litigation to federal court has wasted the Court's and the parties' valuable resources.

The Court should remand this matter to state court where it belongs so that Google can be held to account for its unlawful trade practices by a court of competent jurisdiction.

## II. NATURE AND STAGE OF THE PROCEEDING

In October 2019, Google contracted with media companies, including iHeartMedia, one of the largest radio broadcasting corporations in the country, to record and broadcast advertisements promoting Google's Pixel 4 smartphone. Dkt. 1-1 at 4-16 (Original Petition). The advertisements were contracted to be broadcast specifically in the greater Houston and Dallas-Fort Worth markets. *Id.* at 10. Google dictated the content of these advertisements to media companies and retained creative control over any changes to its script. *Id.* at 8. Specifically, Google required radio personalities to record advertisements that included first-hand accounts of the radio personalities' use of the Pixel 4 and its features. *Id.* But Google never provided the Pixel 4 to these radio personalities prior to recording these advertisements. *Id.* at 9-10. Indeed, even when iHeartMedia requested sample Pixel 4 smartphones from Google to try to avoid making misleading recordings, Google refused and steadfastly demanded the advertisements be recorded as scripted—including the dishonest and misleading first-person accounts of using a phone that the radio personalities had never even held. *Id.* As a result, over two thousand advertisements containing false, misleading, and deceptive representations aired in the affected radio markets. *Id.* at 10.

On January 19, 2022, the State of Texas filed this enforcement action under Sections 17.46 and 17.47 of the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA), Tex. Bus. & Com. Code § 17.41 *et seq.*, in the 457th Judicial District Court of Montgomery County, alleging that Google violated provisions of the DTPA. *See* Dkt. 1-1 at 4-16. The State of Texas seeks civil penalties up to $10,000 per violation of the DTPA, as well as pre- and

6

post-judgment interest, a permanent injunction, and attorneys' fees and costs. *Id.* at 13-15. The State has brought this action solely under the provisions of the DTPA that authorize the Consumer Protection Division of the Office of the Attorney General to penalize businesses and enforce Texas state law. *See id.*

Google was served on January 26, 2022 and filed its Answer in state court on February 22, 2022. *Id.* at 27. On February 23, 2022, the state district judge entered a scheduling order with a trial date of October 3, 2022. *Id.* at 33. Two days later, Google improperly removed this matter. *See* Dkt. 1. Despite repeated attempts to negotiate with Google, the State was forced to file its original motion to remand on March 15, 2022, which was fully briefed and ripe for decision by April 12, 2022. *See* Dkt. 19. Following the May 25, 2022 status conference in this matter, and pursuant to the Court's instruction, the State now respectfully files its amended motion to remand and requests that the Court send this matter back to state court where it belongs without further delay.

### III. STATEMENT OF ISSUES

Google filed a Notice of Removal claiming that the Court has jurisdiction based on diversity under the theory that "Plaintiff brings this lawsuit on behalf of only Texas citizens, who are Texas residents and the real parties in interest." Dkt. 1 at 2. Although the amount in controversy exceeds $75,000 in this case, given Google's numerous violations of the DTPA, Google erroneously asserts federal diversity jurisdiction because this action is not one between citizens of different states. *Id.* Accordingly, this motion presents two issues for the Court: (1) Should the Court remand this matter to state court because it lacks

7

jurisdiction, as plainly demonstrated in the State's Original Petition? and (2) Should the Court award attorneys' fees to the State because of Google's facially meritless and substantively erroneous removal of this case?

## IV. STANDARD OF REVIEW

A federal district court has jurisdiction over all civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). If at any time prior to final judgment, the court lacks subject matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Further, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

## V. SUMMARY OF THE ARGUMENT

The Court should remand this case for lack of diversity of citizenship because the State of Texas is the sole Plaintiff. It is black-letter law that when "a State is party to a lawsuit, or is the real party in interest, diversity of citizenship does not exist." *Grace Ranch, L.L.C. v. BP Am. Prod. Co.*, 989 F.3d 301, 307 (5th Cir. 2021); *see also Moor v. Alameda County*, 411 U.S. 693, 717 (1973); *Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482 (1894). The State exercised its sovereign power under the DTPA to enforce its sovereign interest in protecting commerce, consumers, and the legitimate marketplace by filing suit against Google for false, misleading, and deceptive advertisements. The State is also the real party

8

in interest because it requests penalties and injunctive relief that are uniquely sought by—and redound solely to the benefit of—the State under the DTPA. Furthermore, the State is entitled to an award of attorneys' fees because Google did not have an objectively reasonable belief that removal was proper. *See* Exhibits A, B, and C.

## VI. LEGAL ARGUMENT

**A.    The State of Texas is not subject to removal based on diversity.**

The State of Texas is the sole Plaintiff is this matter, suing solely on its own behalf, and removal was therefore improper. It is black-letter law, and beyond dispute, that the State is not subject to diversity jurisdiction. The United States Supreme Court addressed this issue over one hundred years ago in *Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482 (1894). In *Postal Telegraph*, the State of Alabama, as plaintiff, sought to enforce its laws entitling the state to collect past due taxes and impose a penalty on Postal Telegraph. *Id.* at 488. Postal Telegraph removed the case to federal court. *Id.* The court found that the case was wrongfully removed and that a "state is not a citizen. And under the judiciary acts of the United States, it is well settled that a suit between a state and a citizen or a corporation of another state is not between citizens of different states, and that the circuit court of the United States has no jurisdiction of it . . . ." *Id.* at 487.

The Supreme Court has since reaffirmed this principle, and it remains well settled: "There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction." *Moor*, 411 U.S. at 717. As the Fifth Circuit has explained, "when a State is party to a lawsuit, or is the real party in interest, diversity of citizenship does not exist."

9

*Grace Ranch*, 989 F.3d at 307. Because the State is the sole Plaintiff suing only on its own behalf, the Court need not conduct further detailed analysis—it is clear on the face of the pleadings that removal was improper and remand is warranted.

**B.     The State of Texas is the real party in interest in this case because it seeks to enforce its laws and obtain penalties and injunctive relief against Google.**

Over a century of Supreme Court precedent notwithstanding, Google contends that diversity jurisdiction exists and that "the action is between citizens of different States" based on convoluted reasoning about who ultimately benefits from regulations and enforcement actions against false and deceptive trade practices. Dkt. 1 at 2. Google misapplies limited case law to justify removal, and in doing so, disregards the well-established principles that the state is the real party in interest when it seeks to (1) enforce its laws; and (2) impose penalties and injunctive relief on a defendant.

In cases where the State of Texas has sought to enforce its laws and impose penalties, Texas courts have ruled, consistent with *Postal Telegraph*, that the State is vindicating its own legal rights and is the real party in interest. For example, in *Texas v. Merck & Co.*, 385 F. Supp. 2d 604 (W.D. Tex. 2005), a federal court granted remand after a suit brought by the State for violations of the Texas Medicaid Fraud Prevention Act (TMFPA) was removed by a defendant claiming diversity jurisdiction. *Id.* at 607. The court remanded the suit despite the defendant's claim that the "real party in interest" was the state agency that the TMFPA ultimately benefitted, not the State itself. *Id.* In doing so, the court reasoned that, under the express language of the TMFPA, "a wrongdoer is liable to Texas, not to [the state

agency].*"* *Id*. It also noted that the TMFPA "specifically authorizes the attorney general, not [the state agency], to bring the type of action that Texas, acting through the attorney general, ha[d] brought against" the defendant. *Id*.

This reasoning has also been applied in the context of the very same types of DTPA claims alleged in this case. *See, e.g.*, *Texas v. Veterans Support Org.*, 166 F. Supp. 3d 816, 820 (W.D. Tex. 2015). In *Veterans Support*, the court explained that "the DTPA authorizes the Attorney General's Consumer Protection Division to bring lawsuits in the public interest and in the name of the State against any entity believed to be acting in violation of the DTPA." *Id*. (citing Tex. Bus. & Com. Code § 17.47(a)). The court also rejected the defendant's argument that consumers were the real party in interest simply because the DTPA allowed them to seek damages. The court noted that the "the DTPA gives the Consumer Protection Division explicit authority to seek ***remedies unavailable to an individual consumer*** such as civil penalties and injunctive relief." *Id*. at 821 (emphasis added).

There is no reason for this Court to deviate from these well-established considerations—whether the State is enforcing its laws and what relief it seeks—when determining if the State is the real party in interest. As further explained below, the State is seeking to enforce its laws by bringing this DTPA enforcement action against Google. The State also seeks penalties and injunctive relief exclusively available to it through litigation brought by the Attorney General. For these reasons, remand is necessary.

### 1. The State of Texas seeks to enforce its laws as the sole plaintiff in this lawsuit.

The State, through its Attorney General, exercised its sovereign power to enforce its interest in protecting commerce, consumers, and the legitimate marketplace by filing suit against Google. Pursuant to the DTPA, the Attorney General's office, through its Consumer Protection Division, has the ***sole*** authority to "bring an action in the name of the state against" a defendant violating the DTPA. Tex. Bus. & Com. Code § 17.47. At all times when enforcing its DTPA laws, the "the consumer protection division [is] act[ing] in the name of the state" to the exclusion of any other individual. *Id.* § 17.47(h).

Google claims federal jurisdiction exists because the State brought this lawsuit to enforce its laws "on behalf of only Texas citizens, who are Texas residents and the real parties in interest." Dkt. 1 at 2, ¶ 7(b) (citing *Louisiana v. Union Oil Co. of Cal.*, 458 F.3d 364, 366 (5th Cir. 2006)). But the fact that the ultimate outcome may benefit consumers does not negate the State's substantial and sovereign interest in enforcing the DTPA. *Hood v. AstraZeneca Pharm., LP*, 744 F.Supp.2d 590, 596 (N.D. Miss. 2010); *Farrell Const. Co. v. Jefferson Par., La.*, 896 F.2d 136, 140 (5th Cir. 1990) ("[T]he real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery."). Were the Court to accept Google's reasoning—that so long as its citizens have some discernible interest in state law being enforced, a state is not the real party in interest when it sues an out-of-state defendant who

transacts in Texas for violation of its laws—no such case would ever properly be in state court. This untenable position is inconsistent with precedent and cannot be the law.

Google's theory is also inconsistent with the purposes of the DTPA. The State's claims do not require proof regarding which individual Texas citizens were harmed or to what extent; the sole consideration that is necessary for resolution of this suit is whether Google's actions constituted false, deceptive, and misleading conduct in violation of the DTPA. This is consistent with the legislature's clear grant of authority to the Attorney General to vindicate the State's interests:

> Whenever the consumer protection division has reason to believe that any person is engaging in, has engaged in, or is about to engage in any act or practice declared to be unlawful by this subchapter, and that proceedings would be in the public interest, the division may bring an action ***in the name of the state*** against the person to restrain by temporary restraining order, temporary injunction, or permanent injunction the use of such method, act, or practice.

Tex. Bus. & Com. Code § 17.47(a) (emphasis added). In this case, as authorized by the Legislature, the State is pursuing its own claims under Section 17.47 of the DTPA. Dkt. 1-1. Because the State is enforcing its laws pursuant to a clear statutory grant of authority to the Attorney General to bring enforcement actions, the State is the real party in interest.

### 2. The State is a real party in interest given that it seeks civil penalties and an injunction.

The State is a real party in interest when "'the relief sought is that which inures to it alone' so that a judgment for the plaintiff 'will effectively operate' in the State's favor." *Grace Ranch, L.L.C.*, 989 F.3d at 309 (*quoting Mo., Kan., & Tex. Ry. Co. v. Hickman*, 183 U.S. 53, 59 (1901)) ("*Missouri Railway*"). One example of this type of relief, recognized in both

*Postal Telegraph* and *Missouri Railway*, is when the State seeks to impose monetary penalties. *Postal Telegraph Cable Co.*, 155 U.S. at 487 (*see* discussion *supra* pp. 4-5); *Missouri Railway*, 183 U.S. at 59 (*approving Ferguson v. Ross*, 38 F. 161 (C.C.E.D.N.Y. 1889)). Another is where the State asks for injunctive relief that is uniquely within the State's ability to seek. *See Veterans Support Org.*, 166 F. Supp. 3d at 821.

The State seeks monetary penalties against Google pursuant to its exclusive authority to do so under Section 17.47(c). Specifically, that statute allows "the consumer protection division [to] request, and the trier of fact may award, a civil penalty **to be paid to the state** in an amount of. . . not more than $10,000 per violation." Tex. Bus. & Com. Code § 17.47(c) (emphasis added). "The attorney general shall immediately pay [penalties received] into the state treasury." Tex. Gov't Code § 402.007. Conversely, an individual consumer that brings suit under the DTPA is not permitted to seek the same type of penalty. *Cf.* Tex. Bus. & Com. Code § 17.50 (permitting individual consumers to pursue only trebled economic damages and damages for mental anguish, under a higher burden of proof).

The State also seeks injunctive relief that, again, it is uniquely and singularly authorized to seek under Section 17.47(a). As with penalties, "the consumer protection division" is enabled by statute to seek a "temporary restraining order, temporary injunction, or permanent injunction" that restrains a defendant's future ability to engage in the "method, act, or practice" found to have violated the DTPA. *Id.* This remedy remains available to the State even if the conduct ceases prior to, or during, the DTPA suit; the defendant is not entitled to claim mootness "under any circumstances" in order to avoid

14

being prospectively enjoined. *Id.* The injunction also exists without an end date: the district court "shall retain jurisdiction, and the cause shall be continued" in perpetuity. *Id.* § 17.47(e). The State is also entitled to civil penalties for each violation of an injunction. *Id.* Private litigants, on the other hand, can only obtain an injunction to stop a "producing cause of economic damages or . . . mental anguish," a much more limited injunction that is specific to the consumer. *Id.* § 17.50 (b)(2).[1]

As the State's prayer for relief makes clear, the State only seeks civil penalties and injunctive relief, which cannot be categorized as individual relief. *See* Dkt. 1-1 at 16. Google points to passing references to redress for consumers in the Original Petition—a remedy that is available exclusively in actions brought by the State through its Attorney General—*see* Tex. Bus. & Com. Code § 17.47 (d)—as evidence that this lawsuit is actually brought on behalf of consumers.[2] But the Petition does not detail any individual consumer damages, and

---

[1] In addition, unlike injunctions under Section 17.50, which are governed by common law, injunctions under Section 17.47 are statutory and exclusively sought by the consumer protection division on behalf of the State. Injunctions under Section 17.47 do not require a bond, have a different standard of proof, and carry a penalty of up to $10,000 per violation. Tex. Bus. & Com. Code § 17.47(a)-(b), (e).

[2] Although consumers may recover trebled economic damages in their own private litigation, Tex. Bus. & Com. Code § 17.50 (b)(1), a court in an action brought by the Attorney General can "compensate identifiable persons for actual damages or to restore money or property, real or personal, which may have been acquired by means of any unlawful act or practice," *id.* § 17.47 (d). Obtaining the restitution afforded by § 17.47(d)—which is available under a much more lenient burden of proof—is available only in actions brought by the State.

the Attorney General is statutorily ***prohibited*** from bringing DTPA lawsuits on behalf of anyone other than the State. *See id.* § 17.47(h). The relief being sought in this case only serves to reinforce that the State is the real party in interest. *See, e.g.*, *Veterans Support Org.*, 166 F. Supp. 3d at 821. Accordingly, Google's removal of this matter was meritless.

The State of Texas has an important interest in the protection of its marketplace, and it is duly authorized to safeguard this interest through the remedies it has sought in this case. As a sovereign state with real interest in the claim, the State of Texas cannot be considered a citizen for jurisdictional purposes, federal diversity jurisdiction does not exist, and removal is legally improper. Accordingly, the Court should remand this case.

**C.     The Court should award the State attorneys' fees and costs for Google's improper removal of this case.**

A removing party must have "objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). If the removal was not proper, the court is authorized to order "payment of just costs and actual expenses, including attorneys' fees, incurred as a result of the removal" at its discretion. 28 U.S.C. § 1447(c); *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). "No finding of bad faith or frivolity is required; the sanction is designed to be remedial rather than punitive." *Park Nat. Bank of Houston v. Kaminetzky*, 976 F. Supp. 571, 584 (S.D. Tex. 1996). Because this is so, "the district court may award fees even if removal is made in subjective good faith." *Valdes,*

199 F.3d at 292. That is because the focus for the court is the not the motive of the removing party, but rather the propriety of removal at the time the case was removed. *Id*.

Remedial measures are appropriate here. The State contacted Google to inform it that removal was improper because the State is not a citizen for purposes of diversity jurisdiction. *See* Exs. A, B. It also provided orders for remand in similar cases to demonstrate examples of deceptive trade practices cases brought by the Attorney General's Consumer Protection Division that were removed and remanded on the basis that the State is not a citizen for purposes of diversity jurisdiction. *See id*. Despite being aware removal was entirely improper, Google would not consent to a remand. Instead, Google disregarded more than a century of jurisprudence that the State is not a citizen for purposes of diversity jurisdiction. *See Postal Telegraph Cable Co.*, 155 U.S. at 487-88; *Moor*, 411 U.S. at 717. Additionally, Google ignored the two most recent and on point consumer protection division cases bringing DTPA claims, which ruled that remand was proper. *See State of Texas v. Eye Level Holdings, LLC*, Case No. A-11-CA-178-SS (W.D. Tex. Mar. 11, 2011); *Veterans Support Org.*, 166 F. Supp. 3d at 821. The State of Texas brings this lawsuit to protect its sovereign interests, and it is the real party in interest. As such, there is no question that it is not a "citizen" for diversity jurisdiction purposes. *See Moor*, 411 U.S. at 717.

Google's removal had no objective basis in law, as explained above. The position maintained by Google is contrary to established precedent. Google's removal is nothing more than a dilatory tactic intended to slow the resolution of this matter, particularly after the state court set a trial date for October 2022. Moreover, the State has been required to

expend time and resources in response to this improper removal despite conferring with Google and providing extensive Fifth Circuit and United States Supreme Court case law which supports remand. *See* Exs. A, B and C. Removal of this case was objectively unfounded, and the State respectfully requests that the Court award attorneys' fees and costs associated with the unnecessary litigation that Google has caused.

## VII. CONCLUSION AND PRAYER

Google cannot establish diversity jurisdiction in this case. The State of Texas respectfully requests this Court remand this matter to the 457th Judicial District of Montgomery County, Texas, for adjudication and requests an order granting the State reasonable attorneys' fees and costs related to challenging this improper removal action.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

STEVEN ROBINSON
Division Chief, Consumer Protection Division

*/s/ Christopher D. Hilton*
**CHRISTOPHER D. HILTON**
Attorney-in-Charge

Assistant Attorney General
Texas State Bar No. 24087727
Southern Dist. Bar No. 3029796
Christopher.Hilton@oag.texas.gov

**COURTNEY CORBELLO**
Assistant Attorney General
Texas State Bar No. 24097533
Southern Dist. Bar No. 3089117
Courtney.Corbello@oag.texas.gov

**CAROLINE MERIDETH**
Assistant Attorney General
Texas Bar No. 24091501
Southern District Bar No: 3555429
Caroline.Merideth@oag.texas.gov

**CHRISTIN COBE VASQUEZ**
Assistant Attorney General
Texas State Bar No. 24074047
Southern District Bar No. 1125898
Christin.Vasquez@oag.texas.gov

**RICK BERLIN**
Assistant Attorney General
Texas Bar No. 24055161
Southern District Bar No: 754520
Rick.berlin@oag.texas.gov

Office of the Attorney General
Consumer Protection Division
PO Box 12548, MC-010
Austin, Texas 78711-2548
(512) 463-2185
(512) 473-8301 (facsimile)

*Attorneys for the State of Texas*

## CERTIFICATE OF CONFERENCE

I certify that counsel for the parties have conferred that Defendant is opposed to the relief requested herein.

/s/ Christopher Hilton
CHRISTOPHER HILTON

## CERTIFICATE OF SERVICE

I certify that on the 6th day of June 2022, *Plaintiff's Amended Motion to Remand* and attached documents were served on Defendant, Google LLC, by and through its attorneys of record via the Court's CM/ECF system.

/s/ Christopher Hilton
CHRISTOPHER HILTON
