October 3, 2022

Thomas Bryan
Case Manager to Judge George C. Hanks, Jr.
United States District Clerk's Office
515 Rusk St., Room 5300
Houston, Texas 77002
cm4147@txs.uscourts.gov

Re: *State of Texas v. Google, LLC*, Civil Action No. 4:22-cv-00636, U.S.D.C. for the Southern District of Texas, Houston Division.

Dear Judge Hanks,

The parties, Plaintiff, the State of Texas, and Defendant, Google LLC, respectfully submit this joint pre-motion conference letter. Texas intends to move this Court to open discovery whilst the motion for remand and motion to dismiss are pending. Google opposes. Christopher Hilton of the Office of the Attorney General and Google's counsel Maria Boyce conferred via email on September 28 and 29, 2022, but were unable to reach agreement. The parties' positions on Texas' proposed motion are set forth below.

*Texas*: Remanding this case to state court is proper at this time, and the Court should grant the State's motion to remand without delay. However, should the case not be remanded shortly, the State asks the Court to allow discovery to ensure that this litigation proceeds in the interim. Federal Rules 34(b) and 26(d) allow a party to seek expedited discovery so long as good cause is shown. *See, e.g., Quilling v. Funding Resource Group*, 227 F.3d 231, 233 (5th Cir. 2000). This Court has noted that "courts have allowed limited, expedited discovery when failing to do so would have substantially impacted the case from progressing on the court's docket." *St. Louis Group, Inc.*, 275 F.R.D. at 241. Here, this suit has been pending for seven months. Dkt. 1-1 at 4. In all of that time, Google has refused any attempts by either the state district court or Texas to begin discovery.

The State does not ask the Court to take any less time than is needed to consider the pending motions. But in the interim, the interests of justice require that this case does not continue to linger, particularly when, had it remained in state court, the parties would have been proceeding to trial <u>this month</u>. "A case removed from state court simply comes into the federal system in the same condition in which it left the state system." *Matter of Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992) (en banc). This case left state court with discovery having been opened; the State is asking only that discovery proceed. Such discovery would ensure "[j]udicial economy is promoted by allowing for proceedings initiating in state court to have full force and effect in federal court[.]" *NCNB Tex. Nat'l Bank v. Johnson*, 11 F.3d 1260, 1264 (5th Cir. 1994). Thus, good cause exists to allow discovery to begin because doing so would assist this Court in its duties to administer every action to secure a just, speedy, and inexpensive resolution to the parties' dispute. *See* Fed. R. Civ.

*Google*: With its latest request, Texas is again boldly telling this Court how to manage its own docket. *See, e.g.*, Dkt. 16 (State of Texas' Opposed Motion for Expedited Consideration of Pending Motion to Remand); Dkt. 24 (Texas' Pre-Motion Conference Letter requesting status

conference on pending Motion to Remand). In a continuation of this improper strategy, Texas now requests a ruling on an issue already pending before the Court. Google and Texas each already submitted separate proposed Docket Control Orders on May 27, 2022. *See* Dkt. Nos. 29, 30. Under Google's proposal, discovery will commence five days after the Court issues an Order on Google's Motion to Dismiss. Dkt. 29-1. This approach is consistent with Texas' urging of the Court to rule on its Motion to Remand before anything else happens in the case. *See* Dkt. 16. Waiting until such rulings also conserves the Court's and the parties' resources, because an Order granting Google's Motion to Dismiss would obviate the time and costs associated with discovery altogether. Dkt. 29 at 1 of 2.

Furthermore, no good cause exists to expedite discovery, especially given the absence of any allegations of ongoing conduct or other circumstances requiring an expedited schedule. *Id.* As this Court previously held in a case that Texas cites above, "[e]xpedited discovery is not the norm." *St. Louis Group, Inc. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 242 (S.D. Tex. 2011) (finding Defendants did not establish that good cause exists for Court to authorize expedited discovery).

Texas' representation to the Court that discovery should be expedited because "[t]his case left state court with discovery having been opened" is incorrect and voids the applicability of Texas' authority stated above. Discovery has never opened in this case. The Texas Rules of Civil Procedure mandate that, "[u]nless otherwise agreed to by the parties or ordered by the court, ***a party cannot serve discovery on another party until after the other party's initial disclosures are due.***" Tex. R. Civ. P. 192.2(a) (emphasis added). In this case, initial disclosures were not due until 30 days after Google filed its answer on February 22, 2022. *Id.* 194.2(a). Google removed this case on February 25, 2022, weeks before discovery ever began. Dkt. 1.

Having received proposals from both parties, Google understands that the Court will issue a Docket Control Order as its busy schedule allows. No additional briefing is necessary.

Sincerely,

*/s/ Christopher Hilton*
**CHRISTOPHER HILTON**
Chief, General Litigation Division
*Christopher.Hilton@oag.texas.gov*
Attorney-in-Charge for Texas

**MARIA WYCKOFF BOYCE**
Partner
Hogan Lovells US LLP
*maria.boyce@hoganlovells.com*
Attorney-in-Charge for Google